IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

KATRINA I. WINCHESTER,                )
                                      )
                    Plaintiff,        )        No. 14 cv 2015 EJM
        vs.                           )
                                      )        ORDER
CAROLYN W. COLVIN,                    )
ACTING COMMISSIONER OF                )
SOCIAL SECURITY,                      )
                                      )
                    Defendant.        )

Plaintiff brings this action seeking judicial review of the Commissioner's

denial of her application for social security disability income benefits and

supplemental security income benefits.   Briefing concluded September 16, 2014.

The court has jurisdiction pursuant to 42 USC §405(g).   Affirmed.

Plaintiff claims the Administrative Law Judge's (ALJ) ruling constitutes

failure to give proper controlling weight to the medical opinion of the treating

psychiatrist. She also claims that the ALJ failed to properly evaluate her subjective

allegations.   Accordingly, she asserts that the Commissioner's decision is not

supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is
> substantial evidence on the record as a whole to support the
> [Commissioner's] decision.   This requires [the court] to do more than
> merely parse the record for substantial evidence supporting the
> [Commissioner's] decision.   [The court] also must consider evidence
> in the record that detracts from the weight of the decision.
> Substantial evidence is less than a preponderance, but enough so

that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

The basic facts are that in December 2012, plaintiff self-reported to her treating psychiatrist Dr. William Crowley that she was not able to interact appropriately with others for very long, and other subjective self-reports of her mental condition. On this basis, Dr. Crowley, who had not treated plaintiff since May 2012, believed her, and based his opinion about her work limitations on her self-reports, not upon any independent clinical findings of his own. (Tr. 386-87)

The ALJ, on the other hand, did not believe the plaintiff's subjective self-reports. Instead, relying on some of Dr. Crowley's own treatment notes, such as "reflected some improvement with treatment and medication", (Tr. 19), as well as the opinion of the agency physician, the ALJ found plaintiff to not have a work limitation that would constitute a disability.

Plaintiff asserts that the ALJ ignored the medical opinion of the only treating physician, and should thus be reversed. But the ALJ did not reject the medical segment of that medical opinion; he rejected the factual foundation of that medical opinion as provided by the plaintiff concerning her own subjective symptoms, uncorroborated elsewhere. The ALJ just did not believe the plaintiff. This is justifiable if there is support in the record for this dis-belief. Vandenboom v. Barnhart, 421 F.3d 745, 749 (8th Cir. 2005.)

There is sufficient support in the record for the ALJ to question plaintiff's subjective self-report, because (a) she improved with medication and abstinence from substance abuse, (b) her self-reported daily activities, at times, implied greater functional capabilities than she admitted, (c) she reported social capabilities compatible with work, (d) she failed to comply with prescribed medical treatment, (e) she did not seek treatment commensurate with the alleged disabling conditions, (f) inconsistencies in plaintiff's reported symptoms to different treating sources, and (g) her sporadic work history which included work as an office manager, waitress, bartender and office assistant.

Questioning plaintiff's credibility, especially as to subjective self-reported symptoms, and when supported by objective evidence in the record, is within the prerogative of the ALJ to evaluate the credibility of the plaintiff's subjective self-evaluation, Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003); Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003)("If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, the Court should defer to the ALJ's credibility determination.")

It follows that if the factual foundation for Dr. Crowley's medical opinion is not accepted, then the result of the medical opinion will not be accepted. 20 C.F.R.§§404.1527(c)(3); Gates v. Astrue, 627 F.3d 1080, 1082 (8th Cir. 2010.)

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

October 7, 2014


Edward J. McManus, Judge
UNITED STATES DISTRICT COURT